618 So.2d 616 (1993)
STATE of Louisiana, Appellee,
v.
Ora G. ELLIS, Appellant.
No. 24827-KA.
Court of Appeal of Louisiana, Second Circuit.
May 5, 1993.
*617 Indigent Defender Office by Richard E. Hiller, Shreveport, for appellant.
Richard Ieyoub, Atty. Gen., Baton Rouge, Paul J. Carmouche, Dist. Atty., Michael Pitman and Tommy J. Johnson, Asst. Dist. Attys., Shreveport, for appellee.
Before MARVIN, C.J., and SEXTON and BROWN, JJ.
MARVIN, Chief Judge.
Ora G. Ellis appeals her conviction by a jury of the crime of stealing women's sportswear valued at $259 from the J.C. Penney store in a Shreveport shopping mall. LRS 14:67.
She contends the only offense proved beyond a reasonable doubt was attempted felony theft because the evidence shows that after she left the store and walked 10 feet into the mall with the clothing concealed in her purse and on her person, she reentered the store and threw the clothing beneath a rack where other clothing was displayed. She argues that "her actions suggest she [thought] about stealing those clothes but had a change of heart; she attempted to steal the clothes but didn't."
Ms. Ellis overlooks the jury's prerogative to determine what facts and reasonable inferences drawn therefrom have been proved beyond a reasonable doubt to meet the State's burden. LRS 15:271. State v. Vaughn, 431 So.2d 763 (La.1983).
A security officer behind an observation window saw Ms. Ellis concealing the sportswear under her clothing and in her purse. That officer, who was holding his walkie-talkie type radio transmitter, followed her out of the store. When about 10 feet outside she turned to see this officer directly approaching her, radio in hand. She then ran back into the store where she threw the sportswear under a rack displaying other clothing. After initially physically resisting, threatening, yelling and thereby creating a disturbance, she was eventually apprehended by the officer and other officers who responded to his radio call. Yelling at the first officer, who was attempting to calm her and direct her to the store offices, Ms. Ellis insisted, "You have nothing on me!!! I'm not going to jail!!!"
One who takes the property of another, intending at the time of the taking to permanently deprive the owner of that property, is nonetheless guilty of the crime of theft though she later, becoming frightened *618 or having a change of heart, decides to return it and does so. See LaFave & Scott, Criminal Law, § 88, p. 639, and cases cited and discussed therein.
Whether the requisite element of intent in any crime is proved is to be determined by the jury from the "circumstances" of the conduct in question. The "essential" (§ 67) or "specific" (§ 10) intent element in the crime of a "taking" theft "exists when [the trier of fact finds that] the circumstances indicate that the offender [Ms. Ellis] actively desired [to permanently deprive the owner of the sportswear when she concealed it on her person and in her purse and departed the store]." LRS 14:10. Our emphasis. LRS 14:67. Our brackets.
The jury could have drawn two critical inferences from the circumstances: (1) that when Ms. Ellis took the sportswear and departed the store she intended to permanently deprive the owner of that sportswear, and (2) that the only reason Ms. Ellis ran back in the store and "unloaded" herself of the incriminating evidence was because she identified the officer with the radio, who was approaching her, and deliberately attempted to avoid being apprehended with the incriminating evidence on her person. When the officer approached her she had no way of knowing that he had seen her take and conceal the sportswear. The two inferences are reasonable and were within the jury's prerogative.
The evidence was sufficient to prove beyond a reasonable doubt the intent element of the crime. LRS 15:271. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The sufficiency of the proof of the other elements is not contested.

DECREE
The conviction is AFFIRMED.